UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELE LEWIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-716** |
| **INTEGRATED MEDICAL**<br>**SYSTEMS INTERNATIONAL, INC.,**<br>    **Defendant** | **SECTION "E"(1)** |

## ORDER

Before the Court is Defendant Integrated Medical Systems International, Inc.'s Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint.[1] On September 24, 2014, the Court granted Plaintiff leave to amend her complaint,[2] and Plaintiff's Second Amended Complaint was subsequently filed on September 25, 2014.[3] As a result, the Court denied Defendant's Motion for Partial Dismissal of Plaintiff's Original Complaint as moot.[4] The instant motion to dismiss states that, despite Plaintiff being put on notice of the pleading deficiencies and having an opportunity to amend, the Second Amended Complaint still fails to plead facts sufficient to state a plausible claim for racial harassment under Title VII.[5] Accordingly, Defendant seeks dismissal of Plaintiff's claim of racial harassment for failure to state a claim.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the plaintiff fails to set forth factual allegations in support of his claim that would entitle him to relief.[6] Those "'[f]actual allegations must be enough to raise a right

---

[1] R. Doc. 24.
[2] R. Doc. 21.
[3] R. Doc. 22.
[4] R. Doc. 23 (mooting R. Doc. 11).
[5] R. Doc. 24.
[6] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401

to relief above the speculative level.'"[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party,[10] but the Court need not accept as true legal conclusions couched as factual allegations.[11] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[12]

To state a plausible claim for racial harassment under Title VII, Plaintiff must prove: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was *based on* race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[13] Additionally, "[f]or harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[14]

In response to Defendant's renewed motion to dismiss, Plaintiff contends she has alleged facts that link the alleged harassment with her race. The Court disagrees.

---

(5th Cir. 2007).
[7] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[9] *Id.*
[10] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[11] *Iqbal*, 556 U.S. at 678.
[12] *Id.* at 677 (citing *Twombly,* 550 U.S. at 555).
[13] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (emphasis added).
[14] *Id.* (internal quotation marks and citation omitted).

Although Plaintiff contends the Second Amended Complaint adds factual allegations, some of which were "racial in nature,"[15] the allegation that actions were taken involving persons of different races is insufficient to allege that these actions were taken *based on* Plaintiff's race—an essential element of a racial harassment claim. Plaintiff's failure to plead factual content that allows the Court to draw the reasonable inference that Plaintiff was subjected to unwelcome harassment *based on* her race and that the harassment affected a term, condition, or privilege of her employment constitutes failure to state a claim to relief that is plausible on its face.

However, Plaintiff's opposition states that, should the Court find she has failed to state a claim for racial harassment, Plaintiff requests leave to amend her complaint "to make explicit that which is implicit by the addition of the direct allegation of racial motivation."[16] The Court will give Plaintiff one last chance to amend her complaint to sufficiently state a claim for racial harassment. Accordingly;

**IT IS ORDERED** that Plaintiff is granted leave to file a "Third Amended Complaint" on or before **June 22, 2015**. No further requests for leave to amend the allegations surrounding Plaintiff's racial harassment claim will be granted.

**IT IS FURTHER ORDERED** that Defendant's pending Motion for Partial Dismissal of Plaintiff's Second Amended Complaint is hereby **DENIED WITHOUT PREJUDICE**.[17]

**New Orleans, Louisiana, this 1st day of June, 2015.**

                                      _____
                                      **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 25.
[16] R. Doc. 25, p. 3.
[17] R. Doc. 24.